NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 13 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PUBLIC WATCHDOGS, | No. 20-70899 |
| Petitioner, | |
| v. | MEMORANDUM[*] |
| U.S. NUCLEAR REGULATORY COMMISSION; UNITED STATES OF AMERICA, | |
| Respondents, | |
| SOUTHERN CALIFORNIA EDISON COMPANY, | |
| Intervenor. | |

On Petition for Review of an Order of the
Nuclear Regulatory Commission

Argued and Submitted September 1, 2020
Pasadena, California

Before: SILER,[**] BERZON, and LEE, Circuit Judges.

Public Watchdogs petitions for review of the U.S. Nuclear Regulatory

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Commission's ("the NRC's") denial of its petition under 10 C.F.R. § 2.206 for an order suspending decommissioning operations at the San Onofre Nuclear Generating Station ("SONGS"). We dismiss the petition for review.

Public Watchdogs does not dispute the NRC's characterization of the denial of the § 2.206 petition as a decision not to institute an enforcement proceeding. Such a decision is presumptively unreviewable unless the NRC "has consciously and expressly adopted a general policy that is so extreme as to amount to an abdication of its statutory responsibilities" or there is law providing "meaningful standards for defining the limits of [the NRC's] discretion" in declining to take enforcement action. *Heckler v. Chaney*, 470 U.S. 821, 833 n.4, 834 (1985) (internal quotation marks omitted).

Public Watchdogs has not demonstrated that the NRC has abdicated its duty to ensure that spent nuclear fuel is stored safely at SONGS. The NRC addressed the issues raised by Public Watchdogs, including the possibility that the federal government might never develop a permanent repository for spent nuclear fuel and, consequently, that spent fuel might be stored at nuclear reactor sites indefinitely, in its Generic Environmental Impact Statement for Continued Storage of Spent Nuclear Fuel (the "Continued Storage GEIS"). The Continued Storage GEIS recognized that spent fuel maintained in dry storage would eventually need to be transferred to new containers, but it estimated that the transfer would need to

be made only once every one hundred years. The D.C. Circuit upheld the Continued Storage GEIS, concluding, among other things, that the NRC reasonably determined that the "identified risks [were] essentially common to all reactor sites." *New York v. NRC*, 824 F.3d 1012, 1019 (D.C. Cir. 2016) (internal quotation marks omitted).

Additionally, the NRC addressed safety concerns relating to the specific dry cask storage system used at SONGS in its notice-and-comment rulemaking issuing a certificate of compliance for that storage system and in its inspection reports reviewing the decommissioning activities at SONGS. Finally, the NRC requires SONGS's operator to provide updated financial assurances every year, along with an updated estimate of the costs required to complete decommissioning. *See* 10 C.F.R. § 50.82(a)(8)(v). Whatever validity Public Watchdogs' critiques of the NRC's analyses and determinations may have, those critiques fall far short of demonstrating that the NRC has abdicated its statutory duties.

Public Watchdogs' contention that the NRC's regulations and policies provide a meaningful standard against which to judge the NRC's exercise of discretion also fails. Public Watchdogs does not point to any specific language indicating an intent to circumscribe the NRC's discretion in deciding whether to take an enforcement action. *See Heckler*, 470 U.S. at 833–35.

Public Watchdogs has not overcome the presumption that the NRC's denial

3

of the § 2.206 petition is unreviewable. We therefore must dismiss the petition for review.

**PETITION DISMISSED.**